# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00828-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

DOUGLAS A. GLASER,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,
MITCH MORRISSEY, Denver District Attorney, individually and in his official capacity
    acting under color of law,
JOE MORALES, Denver Deputy District Attorney, individually and in his official capacity
    acting under color of law,
KENNETH LAFF, Denver Assistant District Attorney, individually and in his official
    capacity acting under color of law,
DAVID KARPEL, Denver Assistant District Attorney, individually and in his official
    capacity acting under color of law,
PHILLIP GEIGLE, Denver Assistant District Attorney, individually and in his official
    capacity acting under color of law,
RHEA BABCOCK, Colorado Division of Securities Investigator, individually and in her
    official capacity acting under color of law,
JOE JOYCE, Social Security Administration Agent, individually and in his official
    capacity acting under color of law,
MATT McQUEEN, Secret Service Agent, individually and in his official capacity acting
    under color of law,
RICK FLORES, Secret Service Agent, individually and in his official capacity acting
    under color of law,
ALFREDO YBARRA, Denver Police Officer, individually and in his official capacity
    acting under color of law,
ROBERT ROCK, Denver Police Officer, individually and in his official capacity acting
    under color of law,
MARK DALVIT, Denver Police Officer, individually and in his official capacity acting
    under color of law,
ROBERT FREUND, Denver Police Officer, individually and in his official capacity acting
    under color of law,
KELLY OHU, Denver Police Officer, individually and in his official capacity acting under
    color of law,
SHARON HUGHES, Denver Police Officer, individually and in his official capacity acting
    under color of law,
BRIAN CRAME, Denver Police Officer, individually and in his official capacity acting

under color of law,
MIKE SCHWARTZ, Denver Police Officer, individually and in his official capacity acting
under color of law,
MARK BEVERIDGE, Denver Police Officer, individually and in his official capacity acting
under color of law,
JOSHUA VALERIO, Denver Police Officer, individually and in his official capacity acting
under color of law,
TROY EDWARDS, Denver Police Officer, individually and in his official capacity acting
under color of law,
CARRIE MAESTAS, Denver Police Officer, individually and in his official capacity acting
under color of law,
RUBEN ROJAS, Denver Police Officer, individually and in his official capacity acting
under color of law,
DAVID IVERSON, Denver Police Officer, individually and in his official capacity acting
under color of law,
ERIK REIDMULLER, Denver Police Officer, individually and in his official capacity
acting under color of law,
MATTHEW GRIMSLEY, Denver Police Officer, individually and in his official capacity
acting under color of law,
MARK SCHONK, Denver Police Officer, individually and in his official capacity acting
under color of law,
MATTHEW CHURCH, Denver Police Officer, individually and in his official capacity
acting under color of law,
DAVID SMITH, Denver Police Officer, individually and in his official capacity acting
under color of law,
KEVIN FRAZER, Denver Police Officer, individually and in his official capacity acting
under color of law,
BRIAN GORDON, Denver Police Officer, individually and in his official capacity acting
under color of law,
RAY WILLIS MANNON, d/b/a JOSTEE BAIL BONDS, LLC, AGENT for ACCREDITED
INSURANCE, individually and in his official capacity acting under color of law,
DOUGLAS PRITCHARD, Department of Homeland Security Agent, individually and in
his official capacity acting under color of law,
ANNE MANSFIELD, Denver District Court Judge, individually and in her official capacity
acting under color of law, and
ANDY SHOPNECK, Denver Assistant District Attorney, individually and in his official
capacity acting under color of law,

Defendants.

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCY

Plaintiff, an inmate at the Denver County Jail, has submitted *pro se* a Complaint.

He has failed either to pay the $350.00 filing fee or to file a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the Complaint is deficient as described in this order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  xx   is not submitted
(2)  ___  is missing affidavit
(3)  xx   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  ___  is missing certificate showing current balance in prison account
(5)  ___  is missing required financial information
(6)  ___  is missing an original signature by the prisoner
(7)  ___  is not on proper form (must use the court's current form)
(8)  ___  names in caption do not match names in caption of complaint, petition or habeas application
(9)  xx   other: motion is necessary only if filing fee is not paid in advance.

**Complaint, Petition or Application**:
(10) ___  is not submitted
(11) ___  is not on proper form (must use the court's current Prisoner form)
(12) ___  is missing an original signature by the prisoner
(13) ___  is missing page nos. ___
(14) ___  uses et al. instead of listing all parties in caption
(15) ___  names in caption do not match names in text
(16) ___  addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) ___  other: _____

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the complaint and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED April 3, 2012, at Denver, Colorado.

                                      BY THE COURT:

                                       s/ Boyd N. Boland
                                      United States Magistrate Judge