IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00828-RBJ-KLM

DOUGLAS A. GLASER,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
MITCH MORRISSEY, Denver District Attorney, individually and in his official capacity acting under color of law,
JOE MORALES, Denver Deputy District Attorney, individually and in his official capacity acting under color of law,
KENNETH LAFF, Denver Assistant District Attorney, individually and in his official capacity acting under color of law,
DAVID KARPEL, Denver Assistant District Attorney, individually and in his official capacity acting under color of law,
PHILLIP GEIGLE, Denver Assistant District Attorney, individually and in his official capacity acting under color of law,
RHEA BABCOCK, Colorado Division of Securities Investigator, individually and in her official capacity acting under color of law,
JOE JOYCE, Social Security Administration Agent, individually and in his official capacity acting under color of law,
MATT MCQUEEN, Secret Service Agent, individually and in his official capacity acting under color of law,
RICK FLORES, Secret Service Agent, individually and in his official capacity acting under color of law,
ALFREDO YBARRA, Denver Police Officer, individually and in his official capacity acting under color of law,
ROBERT ROCK, Denver Police Officer, individually and in his official capacity acting under color of law,
MARK DALVIT, Denver Police Officer, individually and in his official capacity acting under color of law,
ROBERT FREUND, Denver Police Officer, individually and in his official capacity acting under color of law,
KELLY OHU, Denver Police Officer, individually and in her official capacity acting under color of law,
SHARON HUGHES, Denver Police Officer, individually and in her official capacity acting under color of law,
BRIAN CRAME, Denver Police Officer, individually and in his official capacity acting under color of law,
MIKE SCHWARTZ, Denver Police Officer, individually and in his official capacity acting

-1-

under color of law,

MARK BEVERIDGE, Denver Police Officer, individually and in his official capacity acting under color of law,

JOSHUA VALERIO, Denver Police Officer, individually and in his official capacity acting under color of law,

TROY EDWARDS, Denver Police Officer, individually and in his official capacity acting under color of law,

CARRIE MAESTAS, Denver Police Officer, individually and in her official capacity acting under color of law,

RUBEN ROJAS, Denver Police Officer, individually and in his official capacity acting under color of law,

DAVID IVERSON, Denver Police Officer, individually and in his official capacity acting under color of law,

ERIK REIDMULLER, Denver Police Officer, individually and in his official capacity acting under color of law,

MATTHEW GRIMSLEY, Denver Police Officer, individually and in his official capacity acting under color of law,

MARK SCHONK, Denver Police Officer, individually and in his official capacity acting under color of law,

MATTHEW CHURCH, Denver Police Officer, individually and in his official capacity acting under color of law,

DAVID SMITH, Denver Police Officer, individually and in his official capacity acting under color of law,

KEVIN FRAZER, Denver Police Officer, individually and in his official capacity acting under color of law,

BRIAN GORDON, Denver Police Officer, individually and in his official capacity acting under color of law,

RAY WILLIS MANNON, d/b/a JOSTEE BAIL BONDS, LLC, AGENT of ACCREDITED INSURANCE, individually and in his official capacity acting under color of law,

DOUGLAS PRITCHARD, Department of Homeland Security Agent, individually and in his official capacity acting under color of law,

ANNE MANSFIELD, Denver District Court Judge, individually and in her official capacity acting under color of law,

ANDY SHOPNECK, Denver Assistant District Attorney, individually and in his official capacity acting under color of law,

      Defendants.
_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on the **Motion to Dismiss** [Docket No. 19; Filed July

6, 2012] (the "Denver Defendants' Motion") filed by Defendants City and County of Denver, Colorado, Alfredo Ybarra ("Ybarra"), Robert Rock ("Rock"), Mark Dalvit ("Dalvit"), Robert Freund ("Freund"), Kelly Ohu ("Ohu"), Sharon Hughes ("Hughes"), Brian Crame ("Crame"), Mike Schwartz ("Schwartz"), Mark Beveridge ("Beveridge"), Joshua Valerio ("Valerio"), Troy Edwards ("Edwards"), Carrie Maestas ("Maestas"), Ruben Rojas ("Rojas"), David Iverson ("Iverson"), Erik Reidmuller ("Reidmuller"), Matthew Grimsley ("Grimsley"), Mark Schonk ("Schonk"), Matthew Church ("Church"), David Smith ("Smith"), Kevin Frazer ("Frazer") and Brian Gordon ("Gordon") (collectively, the "Denver Defendants"); on the **Denver DA Defendants' Motion to Dismiss Plaintiff's Complaint** [#36; Filed August 14, 2012] (the "Denver DA Defendants' Motion") filed by Defendants Mitch Morrissey ("Morrissey"), Joe Morales ("Morales"), David Karpel ("Karpel"), Phillip Geigle ("Geigle"), Kenneth Laff ("Laff") and Andy Shopneck ("Shopneck") (collectively, the "Denver DA Defendants"); on the **Motion to Dismiss of Defendants Mansfield and Babcock** [#43; Filed August 17, 2012] (the "Mansfield and Babcock Motion") filed by Defendants Rhea Babcock ("Babcock") and Hon. Anne Mansfield ("Mansfield"); on the **Motion to Dismiss by Defendant Flores** [#47; Filed August 27, 2012] (the "Flores Motion") filed by Defendant Rick Flores ("Flores"); and on the **Motion to Dismiss by Defendant Joyce** [#51; Filed August 30, 2012] (the "Joyce Motion") filed by Defendant Joe Joyce (collectively, the "Motions"). Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1 C.3., the Motions have been referred to this Court for recommendation. [## 23, 37, 44, 48 and 53].

Plaintiff has filed a Response to each of the Motions. [## 27, 46, 49, 68 and 69]. The Denver Defendants, the Denver DA Defendants, Defendants Babcock and Mansfield,

Defendant Flores and Defendant Joyce have each filed a Reply in support of their respective motion to dismiss. [## 32, 55, 57, 71 and 72].  The Court has reviewed the Motions, Responses, Replies, and applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motions be **GRANTED** and that this action be **DISMISSED**.[1]

## I. BACKGROUND

### A.    Summary of Factual Allegations

Plaintiff initiated this action by filing a Complaint on March 30, 2012. [#1].  Plaintiff's allegations in this action pertain to an investigation and subsequent prosecution for securities fraud and violations of the Colorado Organized Crime and Control Act ("COCCA"), among other offenses.  *Id.* at 10-20.  Plaintiff asserts that in August 2004, a public company in which he held approximately nine million shares of stock merged with a textile manufacturing company.  *Id.* at 10.  Plaintiff states that after the merger was announced, the stock quickly appreciated from less than $.10 per share to $5.90 per share.  *Id.*  Plaintiff contends that he continued to work with the public company to obtain financing and help expand the company's market by looking for companies to merge with or to acquire.  *Id.* at 11.

According to Plaintiff, Defendant Babcock, an investigator for the Colorado Division of Securities, visited him twice in February 2005 in an undercover capacity indicating that

---

[1] Three of the thirty-five named defendants, McQueen, Mannon and Pritchard, have not been served.  *See* [#25] (Pritchard and McQueen) and [#50] (Mannon).  The Court would typically order Plaintiff to show cause why these defendants should not be dismissed for failure to comply with Fed. R. Civ. P. 4(m).  However, because these defendants are named in claims for which the Court is recommending dismissal, the Court sees no need to issue an order to show cause.

she wanted to invest $20,000 in the public company.  *Id.*  Plaintiff contends that he explained to Babcock that his firm handled mergers and acquisitions and that she should meet with a local brokerage firm.  *Id.*  Plaintiff alleges that soon after the meetings with Babcock, the stock "began to see selling pressure."  *Id.*

Plaintiff next contends that on February 20, 2005, he was the victim of a hit and run traffic accident after which the responding Denver police officer stated that Plaintiff presented him with a fictitious United States passport in the name of Michael Douglas Glaser.  *Id.* at 12.  Plaintiff alleges that later that same night, approximately fifteen Denver police officers armed with a search warrant raided his residence.  *Id.*  He further alleges that four days later, his office was raided by agents from several government agencies.  *Id.* Plaintiff contends that the agents had a search warrant to look for the fictitious passport along with financial records and computers among other things.  *Id.*  Plaintiff alleges that throughout the summer of 2005, Defendants continued to follow him, contact business associates, monitor his e-mail account and take trash from his residence.  *Id.* at 12-13.

Plaintiff explains that on August 31, 2005, a Denver grand jury returned an indictment alleging 43 felony counts against him including violations of COCCA, conspiracy to commit securities fraud, fraud, theft, and criminal impersonation.  *Id.* at 13.  Plaintiff states that he posted bond of $750,000 on September 16, 2005 and was released until his next court date on September 29, 2005 at which time he was remanded back into custody until he surrendered the fictitious passport.  *Id.*  Plaintiff alleges that while he was in custody, a lien was placed on his home, thereby blocking it from being sold and forcing a foreclosure.  *Id.* at 13-14.  Plaintiff contends that without the proceeds from the sale of his residence, he could no longer afford a private attorney.  *Id.* at 14.  Additionally, Plaintiff

explains that the trial court subsequently split his case into three separate trials for counts 1-19, 20-42, and 43, respectively. *Id.*

Plaintiff next alleges that upon receipt of discovery from the prosecution, it became clear to him that the defendants who testified before the grand jury committed perjury to indict him. *Id.* He contends that through the issuance of a subpoena, he obtained records from the Colorado Bureau of Investigations showing that the officer who responded to the February 2005 traffic accident lied about running the name on the alleged fictitious passport. *Id.*

Plaintiff asserts that following a September 2006 status hearing, his court appointed counsel filed a motion to dismiss based on his right to a speedy trial. *Id.* at 15. Plaintiff states that on February 9, 2007, the motion was granted, the case was dismissed in its entirety, and he was ordered to be released. *Id.* Four days later, however, Plaintiff states that the case was reinstated and the court ordered trial to proceed the next day as to count 43 of the indictment. *Id.* Plaintiff asserts that after two days of trial during which the defense presented no evidence, deliberations resulted in a hung jury and a mistrial was declared. *Id.*

In the meantime, Plaintiff alleges that due to issues pertaining to his appointed attorneys, his trial date on counts 1-19 of the indictment was repeatedly changed. *Id.* at 15-16. Plaintiff asserts that his first court appointed attorney committed suicide and that his second court appointed attorney had a mental breakdown. *Id.* Plaintiff states that because of the numerous trial date continuances, the trial court heard arguments on January 27, 2008 regarding his right to a speedy trial. *Id.* at 16. On February 27, 2008, Plaintiff asserts that the trial court found his speedy trial rights had been violated and it

dismissed the charges and ordered Plaintiff to be released.  *Id.*  Plaintiff states that after an emergency appeal by the state was unsuccessful, he was released on March 4, 2008. *Id.*

Plaintiff alleges that after his release, he was continuously followed around Denver by federal agents.  *Id.* at 16.  Plaintiff claims that he filed complaints at several agencies but the supervisors took no action.  *Id.* at 17.  Plaintiff further alleges that on April 19, 2008, he was falsely arrested for driving under the influence of alcohol.  *Id.*

Plaintiff next contends that late in 2008, he was served with a motion indicating that the Securities and Exchange Commission was moving forward with a prosecution against him in federal court for the case that was initiated years before.  *Id.*  Plaintiff states that he had no money or ability to defend himself and, as a result, a civil judgment was entered against him.  *Id.*  Plaintiff contends that due to the constant government harassment, he filed a federal civil rights lawsuit in this district in 2008 under Case No. 08-cv-02269-LTB-BNB and moved out of state.[2]  *Id.*

Plaintiff next claims that despite his efforts to rebuild his life in the years after his release, he was re-arrested on April 2, 2011 when his plane landed at the Atlanta airport. *Id.* at 18.  Plaintiff states that the arrest occurred after the Colorado Court of Appeals overturned the trial court's dismissal of his case and reinstated it.  *Id.*  Plaintiff explains that on January 3, 2012, a trial was held on counts 1-19 of the indictment despite his motions

---

[2] Plaintiff has also filed three petitions for writ of habeas corpus in this district pertaining to the same state court criminal case that is the subject of this action.  *See Glaser v. Wilson*, 11-cv-01614-RBJ; *Glaser v. Wilson,* No. 11-cv-01335-LTB; *Glaser v. Lovinger*, No. 07-cv-00843-LTB-BNB.  In each of the three habeas actions, the Court, relying on *Younger v. Harris*, 401 U.S. 37 (1971), abstained from exercising jurisdiction and dismissed the petitions without prejudice.  *See* Docket No. 20 at 3-4 of Case No. 11-cv-01614-RBJ.

to dismiss on speedy trial and double jeopardy grounds. *Id.* Plaintiff alleges that the prosecution presented perjured testimony and fabricated evidence at his trial. *Id.* at 18-19. He further alleges that the prosecution withheld exculpatory evidence. *Id.* at 19. Plaintiff contends that the evidence clearly showed that he did not commit securities fraud. *Id.*

Plaintiff claims that the trial, though scheduled to last seven days, lasted only two because his court-appointed attorney failed to call any witnesses or present any evidence to defend Plaintiff. *Id.* at 20. Plaintiff states that the jury found him guilty of 8 of the 19 counts. *Id.* Plaintiff further states that the trial for counts 20-42 of the indictment was scheduled to begin in May 2012. *Id.*

Plaintiff alleges that no one has been held accountable for all the illegal acts committed against him. *Id.* He contends that since the government's involvement, he "has lost $53 million in stock value, his residence due to [the] government's illegal lien, all of his personal belongings, his reputation, his liberty, his business associates and friends due [to] the government's intimidation, and his ability to rebuild his business due to the government's continually [sic] harassment and slander." *Id.*

**B.     Claims for Relief**

Based on this factual background, Plaintiff asserts 19 claims for relief against 35 defendants. *See* [#1] at 21-95. In claim one, Plaintiff alleges that his rights under the Fourth and Fourteenth Amendments were violated when a Denver judge issued a search warrant for his residence and office that was grounded on false information by the officers seeking the warrants. *Id.* at 21-28. Plaintiff alleges that the defendants conspired together to fabricate evidence to obtain the warrants. *Id.* Plaintiff names the following defendants in claim one: City and County of Denver, Colorado, Babcock, Joyce, McQueen, Ybarra,

Rock, Dalvit, Freund, Ohu, Hughes, Crame, Schwartz, Beveridge, Valerio, Edwards, Maestas, Rojas, Iverson, Reidmuller, Grimsley, Schonk, Church, Smith, Frazer and Gordon. *Id.*

In claim two, Plaintiff alleges violations of the Fourth, Fifth, Eighth and Fourteenth Amendments based on being taken into custody on September 29, 2005 for failing to surrender an alleged fictitious United States passport as a condition of his continued release on bond. *Id.* at 29-34. Named as defendants in claim two are: City and County of Denver, Colorado, Morrissey, Morales, Laff, Karpel, Babcock, Joyce, McQueen, Ybarra, Rock, Dalvit and Freund. *Id.*

In claim three, Plaintiff alleges violations of the Fifth Amendment prohibition against double jeopardy and the Fourteenth Amendment right to due process based on an alleged violation of an agreement he reached with prosecutors in 2002. *Id.* at 34-38. Plaintiff contends that as a condition of pleading guilty to possession of a forged drivers license in a 2002 Douglas County case, prosecutors agreed to drop all charges and file no new charges related to their investigation. *Id.* Plaintiff claims, however, that 23 counts of the subsequent 2005 indictment against him in Denver were based on evidence obtained from the Douglas County Investigation. *Id.* Named as defendants in claim three are: City and County of Denver, Colorado, Morrissey, Morales, Laff, Karpel, Babcock, Joyce, McQueen, Ybarra and Freund*.*

In claim four, Plaintiff alleges violations of his due process rights under the Fifth and Fourteenth Amendments based on an alleged deprivation of his property. *Id.* at 38-41. Plaintiff alleges that when he was released on bond in September 2005, his residence was used to secure the bond. *Id.* He claims that when he was taken back into custody a couple

of weeks later, the lien on his property should have been removed.  *Id.*  Instead, Plaintiff contends that the court imposed a property lien pending an investigation of his property. *Id.*  As a result, Plaintiff claims he could not obtain a clear title to sell his home.  *Id.*  Named as defendants in claim four are: City and County of Denver, Colorado, Morrissey, Morales, Laff, Karpel, Babcock, Joyce, McQueen, Ybarra, Freund, Rock and Mannon.  *Id.*

In claim five, Plaintiff alleges malicious prosecution pursuant to 42 U.S.C. § 1983. *Id.* at 42-48.  Plaintiff contends that malicious prosecution is a constitutional tort that is actionable under § 1983.  *Id.*  Plaintiff bases his malicious prosecution claim on the defendants' alleged use of false information, specifically a fictitious U.S. passport, as the basis for probable cause to obtain the search warrants for his home and office.  *Id.*  Plaintiff further alleges in this claim that the defendants who testified before the grand jury committed perjury to obtain the indictment against him.  *Id.*  Named as defendants in claim five are: City and County of Denver, Colorado, Morrissey, Morales, Laff, Karpel, Babcock, Joyce, McQueen, Ybarra, Rock, Dalvit, Freund and Mannon.  *Id.*

In claim six, Plaintiff alleges a conspiracy pursuant to 42 U.S.C. § 1983.  *Id.* at 48-53.  Plaintiff alleges that the defendants "worked together to fabricate evidence, commit perjury, misrepresent facts to the Denver courts, illegally incarcerate Plaintiff, illegally delay his proceedings, worked in concert to defame Plaintiff," and worked in concert to do whatever was necessary to prosecute him.  *Id.*  Named as defendants in claim six are: Morrissey, Morales, Laff, Karpel, Geigle, Babcock, Joyce, McQueen, Flores, Ybarra, Rock, Dalvit, Freund, Shopneck, Pritchard and Mannon.  *Id.*

In claim seven, Plaintiff alleges vindictive prosecution.  *Id.* at 53-56.  Although Plaintiff does not specifically identify 42 U.S.C. § 1983 as the source of his claim, he cites

to several cases identifying federal constitutional law as the source of a vindictive or selective prosecution claim.  *See id.*  Accordingly, the Court interprets claim seven as a federal constitutional claim pursuant to § 1983.  Plaintiff alleges that the prosecutors acted vindictively when they continued to pursue charges against him despite the trial court's determination on two separate occasions that his right to a speedy trial was violated.  *Id.*  Named as defendants in claim seven are: City and County of Denver, Colorado, Morrissey, Laff, Karpel, Shopneck, Babcock, Joyce, McQueen, Freund, Ybarra and Mannon.  *Id.*

In claim eight, Plaintiff alleges a violation of the right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments.  *Id.* at 56-60.  Plaintiff further alleges claims for false arrest and false imprisonment under the Fourth Amendment.  *Id.*  In support of these claims, Plaintiff alleges that the defendants abused the criminal justice system by delaying his trial, fabricating evidence, withholding exculpatory evidence, committing perjury and misrepresenting facts to the trial court.  *Id.*  Plaintiff further claims that after his case was dismissed, he was continuously followed, harassed, arrested without probable cause, and had his name and reputation destroyed.  *Id.*  Named as defendants in claim eight are: City and County of Denver, Colorado, Morrissey, Morales, Laff, Karpel, Geigle, Shopneck, Babcock, Joyce, McQueen, Freund, Ybarra, Rock, Dalvit and Pritchard.  *Id.*

In claim nine, Plaintiff alleges violations of the Sixth and Fourteenth Amendments based on the denial of his right to a speedy trial.  *Id.* at 61-62.  Plaintiff alleges that the case against him, Denver District Court Case No. 05CR3986, was dismissed on February 9, 2007 and again on February 27, 2008 for violations of his constitutional right to a speedy trial.  *Id.*  Plaintiff acknowledges that in *People v. Glaser*, 250 P.3d 632 (2010), the

Colorado Court of Appeals overturned the trial court's dismissal order and reinstated his case. *Id.* Despite this decision, Plaintiff contends that the continued prosecution of the case violated his speedy trial rights. *Id.* Named as defendants in claim nine are: City and County of Denver, Colorado, Morrissey, Morales, Laff, Karpel, Geigle and Babcock. *Id.*

In claim ten, Plaintiff alleges a violation of the Fifth Amendment prohibition against double jeopardy and the Fourteenth Amendment right to due process. *Id.* at 62-65. Plaintiff states that on August 20, 2007, the prosecution dismissed four counts of the indictment prior to trial. *Id.* He further contends that the trial proceeded and the prosecution rested its case on August 24, 2007. *Id.* He claims, however, that a mistrial was then declared after his court-appointed defense attorney had a mental breakdown. *Id.* Plaintiff alleges that re-prosecuting him for the same offenses after the mistrial, along with the subsequent reinstatement in 2011 of the four counts that had been dismissed, violated the prohibition against double jeopardy. *Id.* Named as defendants in claim ten are: City and County of Denver, Colorado, Morrissey, Morales, Laff, Karpel, Geigle and Babcock. *Id.*

In claim eleven, Plaintiff again alleges malicious prosecution pursuant to 42 U.S.C. § 1983. *Id.* at 65-68. This malicious prosecution claim is based on the decision by the Denver District Attorney's Office to proceed "with the same case all over again" after the Colorado Court of Appeals reinstated the charges against Plaintiff in January 2010. *Id.* Plaintiff alleges that the defendants proceeded with the case despite their awareness of the exculpatory evidence, perjured testimony, fabrications of evidence and violations of Plaintiff's right to a fair trial and a speedy trial. *Id.* Named as defendants in claim eleven are: City and County of Denver, Colorado, Morrissey, Morales, Laff, Karpel, Geigle,

Shopneck, Babcock, Joyce, McQueen, Freund, Ybarra and Dalvit. *Id.*

In claim twelve, Plaintiff again alleges malicious prosecution pursuant to 42 U.S.C. § 1983. *Id.* at 68-71. This claim for malicious prosecution is based on Plaintiff's alleged unlawful arrest for driving under the influence on April 19, 2008. *Id.* Plaintiff alleges that the defendants maliciously arrested him without probable cause to assert their power and intimidate Plaintiff into not filing a federal lawsuit or initiating complaints against them. *Id.* Named as defendants in claim twelve are: City and County of Denver, Colorado, Morrissey, Morales, Shopneck and Pritchard. *Id.*

In claim thirteen, Plaintiff alleges violations of the First, Fourth and Fourteenth Amendments based on the defendants' alleged retaliation against Plaintiff for filing a civil rights lawsuit after his case was dismissed in 2008. *Id.* at 71-74. Plaintiff alleges that the defendants followed and harassed him after his release and even unlawfully arrested him for driving under the influence in April 2008. *Id.* Named as defendants in claim thirteen are: City and County of Denver, Colorado, Morrissey, Morales, Shopneck and Pritchard. *Id.*

In claim fourteen, Plaintiff alleges that his right to a fair trial under the Fifth and Fourteenth Amendments was violated when the prosecution failed to disclose exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 74-77. Plaintiff alleges that the defendants presented information about the financial status of the company at issue that they knew was false and failed to present information showing that the company was profitable and had no debts. *Id.* Plaintiff alleges that if the jury had heard the truth about the company, it would have returned a not guilty verdict. *Id.* Named as defendants in claim fourteen are: City and County of Denver, Colorado, Morrissey, Morales, Geigle,

Babcock and Mansfield.

In claim fifteen, Plaintiff alleges violations of the Fourteenth Amendment based on defamation and harassment. *Id.* at 77-82. Plaintiff cites case law to show that claims for defamation and harassment are cognizable under 42 U.S.C. § 1983. *Id.* Plaintiff alleges that the defendants made a concerted effort to destroy his business and defame his name and reputation by branding him a criminal. *Id.* Plaintiff alleges that the defendants visited business associates, restaurants he patronized, the Better Business Bureau, potential employees, and potential merger candidates and investors for the purpose of destroying Plaintiff's business and reputation. *Id.* Named as defendants in claim fifteen are: City and County of Denver, Colorado, Morrissey, Morales, Laff, Karpel, Babcock, Joyce, McQueen, Freund, Rock, Dalvit and Ybarra. *Id.*

In claim sixteen, Plaintiff alleges a state law tort claim for intentional infliction of emotional distress. *Id.* at 82-87. Plaintiff alleges that he has suffered severe emotional distress as a result of the defendants' actions. *Id.* Plaintiff alleges that his lengthy incarceration, continuous delays by the prosecution, the loss of his assets, criticism from friends and business associates, the lack of a fair trial, and the use of false information and fabricated evidence, among other things, have caused him to suffer severe emotional distress. *Id.* Named as defendants in claim sixteen are: City and County of Denver, Colorado, Morrissey, Morales, Laff, Karpel, Geigle, Babcock, Joyce, McQueen, Freund, Ybarra, Rock, Dalvit and Pritchard. *Id.*

In claim seventeen, Plaintiff alleges supervisory liability pursuant to 42 U.S.C. § 1983. *Id.* at 87-91. Plaintiff alleges that agency supervisors were all made aware of the constitutional violations against Plaintiff long before the case was first dismissed on

February 9, 2007 and again on February 27, 2008. *Id.* Plaintiff alleges that the supervisors did nothing to discipline subordinates or stop the ongoing constitutional deprivations. *Id.* He claims that they condoned the unlawful behavior and acted with deliberate indifference to his constitutional rights. *Id.* Named as defendants in claim seventeen are: City and County of Denver, Colorado, Morrissey, Morales, Laff, Karpel, Freund, Rock and Ybarra. *Id.*

In claim eighteen, Plaintiff contends that he is entitled to injunctive relief pursuant to 42 U.S.C. § 1983. *Id.* at 91-94. Plaintiff alleges that the deprivation of constitutional rights here is extreme and ongoing such that injunctive relief is warranted. *Id.* Named as defendants in claim eighteen are: Morrissey, Morales, Geigle, Shopneck, Babcock and Mansfield. *Id.*

Lastly, in claim nineteen, Plaintiff requests formal investigations into criminal acts that he claims have been committed against him. *Id.* at 94-95. Specifically, he requests investigations for alleged violations of 18 U.S.C. § 241 - Conspiracy against rights, 18 U.S.C. § 1622 - Subornation of perjury, and 18 U.S.C. § 1623 - False declarations before grand jury or court. *Id.* Plaintiff fails to name any specific defendants against whom he seeks a criminal investigation. *Id.*

For relief, Plaintiff requests a trial by jury, a formal investigation into the felonies committed against him, injunctive relief to stop the constitutional deprivations, reimbursement for all costs and fees, a formal public apology from the defendants, withdrawal of his plea and conviction in the Douglas County driving under the influence case, and compensatory and punitive damages in the amount of $210,100,000.00. *Id.* at 95-96.

## II.  ANALYSIS

Defendants' Motions seek dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  *See* [## 19, 36, 43, 47 and 51].  More specifically, Defendants argue that Plaintiff's claims are barred by *Heck v. Humphrey*, by the statute of limitations, by Plaintiff's failure to comply with the Colorado Governmental Immunity Act ("CGIA"), and by various forms of immunity, among other grounds.  *See id.*

### A.  Fed. R. Civ. P. 12(b)(6) Legal Standards

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations."  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [her] claims across the line from conceivable to plausible."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'" *Id.* (citation omitted).  That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).  As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

The Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

B.    **Claims Barred Pursuant to Heck v. Humphrey**

1.  **Legal Standards**

*Heck v. Humphrey*, 512 U.S. 477, 478 (1994), addressed "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." In *Heck,* the plaintiff's complaint alleged that state prosecutors and police officers engaged in unlawful acts which led to the plaintiff's arrest and ultimate conviction. *Id.* at 479. The Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, the Court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

The rule in *Heck* is not limited solely to claims for damages asserted under § 1983. *See Lawson v. Engleman*, 67 F. App'x 524, 526 (10th Cir. 2003) (applying *Heck* to bar claims for declaratory and injunctive relief under §§ 1983 and 1985). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). However, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . ." *Heck*, 512 U.S. at 487. "The starting point for the application of *Heck* . . . is the existence of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action." *Butler v.*

*Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007).

## 2. Application

Here, although Plaintiff filed his Complaint before he was sentenced on the counts

for which he was found guilty, Plaintiff explains in a subsequent motion [#52] that he was

sentenced on August 27, 2012 on thirteen counts.  Plaintiff indicates that he was sentenced

to 24 years in prison on the first count and shorter terms for the remaining counts.  *See*

[#52].  Plaintiff's sentencing on August 27 shows that the convictions have not been

invalidated.  Additionally, in one of his responses, Plaintiff states that his case is currently

on direct appeal before the Colorado Court of Appeals, further demonstrating that the

convictions have not been invalidated.  *See* [#68] at 2.

In his Response to the Denver DA Defendants' Motion, the only response in which

Plaintiff addresses *Heck* in any detail, Plaintiff argues that six of his claims "have nothing

to do with" his criminal convictions and thus can proceed.  [#46] at 36-38.  Though he does

not expressly concede that the claims he does not address are barred by *Heck*, his failure

to argue otherwise suggests that he acknowledges that they are barred.

Regardless, having determined that Plaintiff's criminal convictions have not been

invalidated, the Court finds that most of Plaintiff's claims for relief are barred by *Heck*

because a judgment in favor of Plaintiff on those claims would necessarily imply the

invalidity of his convictions.  Specifically, as to claim one, the Court finds that a judgment

that the defendants conspired to fabricate evidence to obtain a search warrant for Plaintiff's

home and office would imply that his convictions are invalid.  *See Trusdale v. Bell*, 85 F.

App'x 691, 693 (10th Cir. 2003) (holding that prisoner's § 1983 claim alleging an unlawful

search was barred by *Heck* because evidence obtained pursuant to the search led to his

convictions); *see also Baldwin v. O'connor*, 466 F. App'x 717, 717-718 (10ᵗʰ Cir. 2012) (affirming dismissal pursuant to *Heck* of § 1983 search and seizure claim where Plaintiff alleged no other injury other than his conviction and imprisonment). Such a judgment would require the Court to find that evidence supporting Plaintiff's convictions was unlawfully obtained, which necessarily calls the convictions into question. Thus, claim one is barred by *Heck*.

Regarding claim two, the Court finds that an adjudication in favor of Plaintiff's alleged constitutional violations would again require the Court to conclude that the defendants fabricated evidence to secure the search warrants for his home and office. Thus, a judgment in favor of Plaintiff on this claim would imply the invalidity of his convictions. *See Trusdale*, 85 F. App'x at 693 (holding that a judgment in favor of the prisoner plaintiff on his § 1983 claim challenging a search would necessarily imply the invalidity of his conviction which was obtained with evidence from the search). Claim two is therefore barred by *Heck*.

Regarding claim three, the Court finds that a judgment in favor of Plaintiff on his alleged due process and double jeopardy violations in connection with an alleged agreement by prosecutors in a Douglas County Court case not to file new charges would necessarily imply the invalidity of the subsequent Denver District Court convictions. Plaintiff alleges in claim three that the agreement with the Douglas County prosecutors should have prohibited the inclusion of 23 of the 43 counts in the subsequent Denver District Court case indictment. [#1] at 34-35.

In his Response, Plaintiff contends that the counts were dismissed by the prosecution on June 19, 2012. [#46] at 36-37. Thus, he claims that because those counts were resolved in his favor, claim three is not barred by *Heck*. *Id.* Plaintiff's contention,

however, is vague and he does not seem to be referring to all 23 counts as alleged in claim three of the Complaint. *See id.* Moreover, he fails to specifically identify the 23 counts that he claims should not have been charged, and fails to specifically identify the counts that were dismissed on June 19. Absent a showing by Plaintiff that all 23 counts referred to in claim three were dismissed or otherwise resolved in his favor, the Court finds that claim three is barred by *Heck*. *See Roberts v. O'Bannon*, 199 Fed. App'x 711, 714 (10th Cir. 2006) (affirming dismissal pursuant to *Heck* of § 1983 claim that indictment violated the double jeopardy clause because judgment in favor of plaintiff would necessarily imply the invalidity of his convictions and plaintiff failed to show he had been exonerated on the charges).

As to claim four, the Court agrees with Plaintiff that his allegation of a due process violation for placing a property lien on his residence, even if successful, will not imply the invalidity of his convictions. *See* [#46] at 37. Thus, claim four is not barred by *Heck*.

As to claim five, the Court finds that a judgment in favor of Plaintiff on his cause of action for malicious prosecution pursuant to § 1983 would necessarily imply the invalidity of his convictions. *See Heck*, 512 U.S. at 487, 490 (affirming dismissal of § 1983 claim alleging destruction of evidence among other unlawful acts by investigators and prosecutors because a judgment in favor of plaintiff would necessarily imply the invalidity of his convictions). The Court finds that a favorable adjudication of the merits of the claim would require the Court to find that prosecutors and investigators knowingly presented false information and committed perjury, among other things, thus calling into question the validity of the convictions. Accordingly, claim five is barred by *Heck*.

Likewise, as to claim six, the Court finds that a judgment in favor of Plaintiff on his

conspiracy claim under § 1983, that the defendants conspired to commit unlawful acts in the course of prosecuting Plaintiff, would necessarily imply the invalidity of his convictions. *See Heck*, 512 U.S. at 487, 490 (affirming dismissal of § 1983 claim alleging destruction of evidence among other unlawful acts by investigators and prosecutors because judgment in favor of plaintiff would necessarily imply the invalidity of his convictions).   Again, the Court finds that a favorable adjudication of the merits of the claim would require the Court to find that prosecutors and investigators worked together to fabricate evidence, commit perjury and misrepresent facts, among other things, thus calling into question the validity of the convictions.  Accordingly, claim six is barred by *Heck*.

Regarding claim seven, the Court finds that a judgment in favor of Plaintiff on his vindictive prosecution claim under § 1983, that prosecutors unlawfully continued to pursue charges against him despite two rulings that his speedy trial rights had been violated, would necessarily imply the invalidity of his convictions.  *See Baldwin v. O'connor*, 466 F. App'x 717, 717-718 (10th Cir. 2012) (affirming dismissal pursuant to *Heck* of § 1983 claim alleging prosecutorial misconduct, among other things, in that such a claim would necessarily imply the invalidity of the plaintiff's convictions).  The Court finds that a favorable adjudication of the merits of Plaintiff's allegations in this claim that the defendants acted vindictively by pursuing the case against him would call the convictions into question.  Accordingly, claim seven is barred by *Heck*.

Regarding claim eight, the Court finds that a judgment in favor of Plaintiff on his claims pursuant to § 1983 for false arrest, false imprisonment and violations of the Due Process Clause would necessarily imply the invalidity of his convictions.  *See Burden v. Wood*, 200 F. App'x 806, 807-808 (10th Cir. 2006) (affirming dismissal pursuant to *Heck* of

§ 1983 claim alleging false arrest where plaintiff failed to show his conviction was overturned).  The Court finds that a favorable adjudication of the merits of the claim, that the defendants delayed his trial, fabricated evidence and withheld exculpatory evidence, among other unlawful acts, would clearly call the convictions into question.  Accordingly, claim eight is barred by *Heck*.

With respect to claim nine, the Court finds that a judgment in favor of Plaintiff on his speedy trial rights claim pursuant to § 1983, that the defendants unlawfully delayed his trial, would necessarily imply the invalidity of his convictions.  *See Travis v. Parker*, No. 07-3006-SAC, 2207 WL 2071763, at *2 (D.Kan. July 18, 2007) (citing *Heck* in holding that plaintiff may not assert a violation of his right to a speedy trial in a § 1983 action unless his conviction has been set aside).  The Court finds that a favorable adjudication of the merits of the claim that the defendants unlawfully delayed his trial would call the convictions into question.  Accordingly, claim nine is barred by *Heck*.

Regarding claim ten, the Court finds that a judgment in favor of Plaintiff on his double jeopardy claim pursuant to § 1983 would necessarily imply the invalidity of his convictions.  *See Roberts v. O'Bannon*, 199 Fed. App'x 711, 714 (10th Cir. 2006) (affirming dismissal pursuant to *Heck* of § 1983 claim that indictment violated the double jeopardy clause because judgment in favor of plaintiff would necessarily imply the invalidity of his convictions and plaintiff failed to show he had been exonerated on the charges).  The Court finds that a favorable adjudication of the merits of Plaintiff's claim that he was twice placed in jeopardy for the same offenses would call his convictions into question.  Accordingly, claim ten is barred by *Heck*.

Regarding Plaintiff's allegations of malicious prosecution in claim eleven, the Court

Case 1:12-cv-00828-RBJ-KLM   Document 74   Filed 02/28/13   USDC Colorado   Page 24 of 35

finds that, like the malicious prosecution allegations in claim five, a judgment in favor of Plaintiff would necessarily imply the invalidity of his convictions. *See Wilkins v. Denver Dept. of Safety*, 126 Fed. App'x 453 (10th Cir. 2005) (affirming dismissal pursuant to *Heck* of § 1983 claim alleging malicious prosecution where plaintiff failed to show that his convictions had been overturned). The Court finds that a favorable adjudication of the merits of the claim that the defendants unlawfully proceeded with the case after it had been dismissed for speedy trial violations would call Plaintiff's convictions in to question. Claim eleven is therefore barred by *Heck*.

Likewise, Plaintiff's malicious prosecution allegations pursuant to § 1983 in claim twelve are barred by *Heck*. As noted above in the summary of claims, this claim for malicious prosecution is based on Plaintiff's alleged unlawful arrest for driving under the influence on April 19, 2008. [#1] at 68-69. Plaintiff alleges in his Complaint, filed on March 30, 2012, that the driving under the influence case is pending in a Denver court. *Id.* at 72. The Court, however, has conducted a record search of the Denver County Court website using the case number provided by Plaintiff, 08M07077. That search revealed that Plaintiff was convicted of driving under the influence and sentenced on May 8, 2012. The date of the offense provided in the court record is April 19, 2008, which matches the date provided by Plaintiff. In his Response, Plaintiff does not challenge *Heck's* application to claim twelve. [#46] at 36-38. Nor does he present any information to show that the driving under the influence conviction has been invalidated. *Id.* Thus, a judgment in Plaintiff's favor on this claim would imply the invalidity of the conviction for driving under the influence. *See Wilkins v. Denver Dept. of Safety*, 126 Fed. App'x 453 (10th Cir. 2005) (affirming dismissal pursuant to *Heck* of § 1983 claim alleging malicious prosecution where plaintiff failed to

show that his convictions had been overturned).   The Court therefore finds that claim twelve is barred by *Heck*.

Regarding claim thirteen, the Court finds that a judgment in favor of Plaintiff on his claim that the defendants retaliated against him would also imply the invalidity of his conviction for driving under the influence.   *See Brown v. Cline*, 319 F. App'x 704, 705-706 (10th Cir. 2009) (affirming dismissal of § 1983 retaliation claim pursuant to *Heck* because the claim necessarily implied the invalidity of plaintiff's disciplinary violations).   As noted above, Plaintiff contends in claim thirteen that the defendants retaliated against him for filing a civil rights lawsuit in 2008. [#1] at 71-74.  He claims that they followed him, harassed him and unlawfully arrested him for driving under the influence.   *Id.*  As with claim twelve, Plaintiff fails to argue against the application of *Heck* to claim thirteen in his Response. [#46] at 36-38.  Moreover, Plaintiff fails to present any information to show that the driving under the influence conviction has been invalidated.   *Id.*  Because an adjudication of Plaintiff's § 1983 retaliation claim would call into question the lawfulness of his conviction for driving under the influence, the Court finds that claim thirteen is barred by *Heck*.

Regarding claim fourteen, the Court finds that a judgment in favor of Plaintiff on his *Brady* claim would imply the invalidity of his convictions.   *See Skinner v. Switzer*, 131 S.Ct. 1289, 1300 (2011) (holding that *Brady* claims call into question the validity of a plaintiff's convictions and thus, pursuant to *Heck*, are outside the province of § 1983).   Plaintiff alleges in this claim that his right to a fair trial under the Fifth and Fourteenth Amendments was violated when prosecutors failed to disclose exculpatory evidence as required by *Brady v. Maryland*. [#1] at 74-77.   Plaintiff argues in his Response that a claim regarding *Brady* violations should be asserted when the violations occur. [#46] at 37.  He contends that such

a claim would be barred by the statute of limitations if he waited until later to raise it (presumably until after he could show that his convictions were overturned). *Id.* Plaintiff's argument, however, does nothing to change the fact that an adjudication of the merits of his *Brady* claim would call into question the lawfulness of his convictions. *See Skinner v. Switzer*, 131 S.Ct. at 1300. Because this falls squarely under the rule set forth in *Heck*, the Court finds that claim fourteen is barred.

Regarding claim fifteen, Plaintiff argues that his allegations of defamation and harassment under the Fourteenth Amendment, brought pursuant to § 1983, will not impact his criminal case or invalidate his convictions. *See* [#46] at 37. However, among the allegations presented in support of his claim, Plaintiff contends that each of the eleven individual defendants named in claim fifteen either "approved and condoned the filing of false criminal charges against Plaintiff" or "assisted with the filing of false criminal charges against Plaintiff." [#1] at 80-82. Thus, the Court finds that a favorable adjudication of the merits of Plaintiff's § 1983 claim for defamation and harassment would necessarily call into question the lawfulness of his convictions. *See Heck*, 512 U.S. at 487, 490 (affirming dismissal of § 1983 claim alleging destruction of evidence among other unlawful acts by investigators and prosecutors because judgment in favor of plaintiff would necessarily imply the invalidity of his convictions). Accordingly, claim fifteen is barred by *Heck*.

Regarding claim sixteen, the Court finds that it is not barred by *Heck*. Plaintiff alleges intentional infliction of emotional distress, which is a state law tort claim. The Tenth Circuit case that Plaintiff relies on for the elements of an intentional infliction of emotional distress claim applies state law. *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 855-856. Because *Heck* applies to claims brought pursuant to § 1983, it is

inapplicable to Plaintiff's allegations of intentional infliction of emotional distress in claim sixteen. *See Heck*, 512 U.S. at 487 (explaining that the rule announced therein applies when a state prisoner seeks damages in a § 1983 action).

Regarding claim seventeen, Plaintiff alleges supervisory liability pursuant to § 1983 but does not allege a separate cause of action. [#1] at 87-90. Essentially, he makes a blanket claim for supervisory liability for all of his previously alleged § 1983 claims. *Id.* Because this claim does not allege a separate cause of action, the Court does not find it to be barred by *Heck*. However, the fact that Plaintiff alleges supervisory liability does not change the analysis for all the previous § 1983 claims that the Court has determined are barred by *Heck*. The Court has determined that only one of Plaintiff's § 1983 claims, claim four, is not barred by *Heck*. Thus, the Court construes claim seventeen to seek supervisory liability with respect to that claim only.

Similarly, regarding claim eighteen, Plaintiff seeks injunctive relief pursuant to § 1983 but does not allege a separate cause of action. [#1] at 91-94. Like claim seventeen, Plaintiff makes a blanket request for injunctive relief as to all of his previously alleged § 1983 claims. *Id.* However, because *Heck* applies to requests for injunctive relief as well as damages, Plaintiff's allegations in claim eighteen do not alter the Court's determination that all but one of Plaintiff's § 1983 claims are barred by *Heck*. Thus, the Court construes claim eighteen to seek injunctive relief with respect to claim four only, as it is the only § 1983 claim not barred by *Heck*.

Lastly, regarding claim nineteen, the Court finds that it is not barred by *Heck* because it is not alleged as a claim pursuant to § 1983. As noted above, Plaintiff requests in claim nineteen that formal investigations be conducted into criminal acts that he alleges

have been committed against him.  Because *Heck* is inapplicable to such a claim, the Court

finds that it is not barred.

### 3.  Summary of Determinations Pursuant to *Heck*

As the above discussion demonstrates, the Court finds that claims one through three

and five through fifteen are barred by *Heck*.  Claim four is not barred by *Heck* because

even though it is a § 1983 claim, a judgment in favor of Plaintiff would not necessarily imply

the invalidity of Plaintiff's convictions.  Claims sixteen and nineteen are not barred by *Heck*

because they are not brought pursuant to § 1983.  As to claims seventeen and eighteen,

they are not barred, but only to the extent that they allege supervisory liability and seek

injunctive relief for the surviving § 1983 cause of action (claim four).  Accordingly, the Court

recommends that claims one through three and five through fifteen be dismissed.

### C.    Statute of Limitations

All of the defendants argue that many, if not all of Plaintiff's claims are barred by the

statute of limitations.  *See* [#19] at 9-20; [#36] at 6-7; [#43] at 19-20; [#47] at 9; and [#51]

at 9-10.  Here, because the Court recommends dismissal of the other claims on different

grounds, the Court considers the statute of limitations only as it applies to claim four.

### 1.  Legal Standards

Actions brought pursuant to 42 U.S.C. § 1983 are subject to the general personal

injury limitations period of the state in which the action arose.  *Wilson v. Garcia*, 471 U.S.

261, 280 (1985); *Hunt v. Bennett*, 17 F.3d 1263, 1265-66 (10th Cir. 1994).  In Colorado, a

two-year statute of limitations applies.  *See* Colo. Rev. Stat. § 13-80-102(1)(g), (i) (creating

a two-year limitation period for "[a]ll actions upon liability created by a federal statute where

no period of limitation is provided in said federal statue" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102 to a § 1983 claim).

By contrast, federal law rather than state law determines when a cause of action accrues. *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968-69 (10th Cir. 1994). Claims brought pursuant to section 1983 "accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of [the] action." *Hunt*, 17 F.3d at 1266 (quoting *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)).

### 2. Application

Plaintiff alleges in claim four that the defendants named therein deprived him of his property without due process in violation of the Fifth and Fourteenth Amendments. [#1] at 38-41. Plaintiff contends that when he was released on bond on September 16, 2005, he utilized his residence to secure the bond. *Id.* at 38. He alleges that during a subsequent hearing on September 29, 2005, he was remanded back into custody for failure to produce a passport that Plaintiff claims did not exist. *Id.* Plaintiff further alleges that even though the bond was exonerated, the court, pursuant to the defendants' request, imposed a property lien on Plaintiff's residence pending an investigation of the property. *Id.* at 38-39. Plaintiff alleges that the court had no authority to impose such a lien and that no investigation ever occurred. *Id.* Plaintiff further alleges that as a result of the lien, he could not receive clear title to sell his residence. *Id.*

Plaintiff's own allegations demonstrate that he knew on September 29, 2005 that an allegedly unlawful lien was placed on his residence by the state court. Thus, the Court

finds that Plaintiff's § 1983 due process cause of action accrued on that date. The Court further finds that the limitations period expired two years later on September 27, 2007.

Plaintiff argues generally that the statute of limitations governing § 1983 actions does not bar actions that involve ongoing violations. [#27] at 2. He fails to explain, however, how that argument applies to this claim, where the violation clearly occurred on the date that the allegedly unlawful lien was imposed.

Plaintiff further argues that "[t]he statute of limitations is tolled while the conviction in the state court is ongoing and until all appeals are exhausted." [#46] at 2 (citing *Heck v. Humphrey* and *Turner v. Schultz*, 130 F.Supp.2d 1216 (D.Colo. 2001)). He claims that because a finding in the civil action would call into question his guilt in the criminal case, the civil action is tolled until there is a final resolution in the criminal proceedings. *Id.* Plaintiff's argument, however, assumes that the claim for relief at issue would imply the invalidity of his convictions. As discussed above in the section applying *Heck* to Plaintiff's allegations in claim four, the Court found that claim four is not barred by *Heck*. Thus, Plaintiff's argument that the statute of limitations is tolled pursuant to *Heck* is inapplicable.

The Court finds that this claim involves a straightforward application of the two-year statute of limitations and it finds no basis to toll the limitations period. Because the limitations period expired in September 2007, claim four is untimely. Accordingly, the Court recommends that claim four be dismissed.

Moreover, in light of the recommendation to dismiss claim four, the Court also recommends that claim seventeen alleging supervisory liability and claim eighteen seeking injunctive relief be dismissed. Claims seventeen and eighteen were tied to claim four, the only remaining § 1983 claim that was not barred by *Heck*. However, now that the Court

has recommended dismissal of claim four on other grounds, claims seventeen and eighteen cannot stand on their own.

**D.    Claim Sixteen**

Defendants City and County of Denver, Colorado, Morrissey, Morales, Laff, Karpel, Geigle, Babcock, Fruend, Ybarra, Rock and Dalvit seek dismissal of Plaintiff's allegations of intentional infliction of emotional distress in claim sixteen for failure to comply with the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-101 *et seq.* [#19] at 23-24; [#36] at 13; and [#43] at 13-16.

Pursuant to the CGIA, "any person bringing a tort claim against the state, a state agency, or a state employee must comply with the notice requirements set forth therein." *Patrick v. Bank of New York Mellon*, No. 11-cv-01304-REB-MJW, 2012 WL 934288, at *9 (D. Colo. Mar. 1, 2012).  The notice provision requires that:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty days after the date of discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury.  Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

C.R.S. § 24-10-109(1).   Failure to provide the required written notice "operates as a jurisdictional bar to the lawsuit." *Aspen Orthopaedics & Sports Medicine, LLC, v. Aspen Valley Hospital District*, 353 F.3d 832, 839 (10th Cir. 2003).  Moreover, "a plaintiff must plead compliance with the CGIA's notice provisions in the complaint to avoid dismissal." *Id.* at 840.  "When a plaintiff fails to plead compliance with the CGIA, and a court addresses the case in the context of a motion to dismiss, the court must accept as a matter of 'fact'

that the plaintiff failed to comply with the notice provisions." *Id.*

Here, Plaintiff fails to allege compliance with the CGIA in his Complaint. *See* [#1] at 82-87. Nor does Plaintiff argue in his Responses that he has complied with the CGIA. *See* [#27] at 4-7; [#46] at 33-36; and [#49] at 4-7. Rather, Plaintiff argues that the CGIA does not apply to claims brought in federal court. *See id.* Although Plaintiff provides case law demonstrating that state law notice of claim provisions do not apply to federal causes of action, he presents no authority to support his contention that such provisions do not apply to state law claims brought in federal court, and the Court is aware of no such authority. *See id.* Thus, given Plaintiff's failure to plead compliance with the CGIA, the Court recommends that Plaintiff's intentional infliction of emotional distress claim be dismissed as to Defendants City and County of Denver, Colorado, Morrissey, Morales, Laff, Karpel, Geigle, Babcock, Fruend, Ybarra, Rock and Dalvit on that basis.

The federal defendant in claim sixteen, Defendant Joyce, argues that he must be dismissed because a state law tort claim may not be brought against an individual federal defendant, but must instead be brought pursuant to the Federal Tort Claims Act ("FTCA") against the United States. [#51] at 18-19. The Court agrees that Plaintiff may not maintain a state law claim for intentional infliction of emotional distress against Joyce, a federal employee. "An FTCA action against the United States is the sole remedy for any injury to person or property caused by the negligent or wrongful acts of a federal employee acting within the scope of his or her employment." *Woodruff v. Covington*, 389 F.3d 1117, 1126 (10th Cir. 2004) (citing 28 U.S.C. § 2679(b)(1)). "'The purpose of this exclusive remedy provision was to give federal employees an absolute immunity from common law tort actions[.]'" *Id.* (quoting *Jamison v. Wiley*, 14 F.3d 222, 227 (4th Cir. 1994)).

-32-

Plaintiff fails to address Defendant Joyce's FTCA argument in his Response.  *See* [#69].  Plaintiff's claim for intentional infliction of emotional distress fails to name the United States as a defendant, nor does Plaintiff indicate that the claim is brought pursuant to the FTCA.  Because Plaintiff cannot maintain a state law tort claim against a federal employee, the Court recommends that claim sixteen be dismissed as to Defendant Joyce.  Having determined that claim sixteen should be dismissed as to all defendants against whom it is alleged, the Court recommends that the entire claim be dismissed.

### E.  Claim Nineteen

As referenced above, Plaintiff alleges in claim nineteen that the defendants violated three federal criminal statutes in the course of investigating and prosecuting him.  [#1] at 94-95.  He therefore asks the Court to formally investigate the alleged criminal violations.  *Id.*  Plaintiff does not name any specific defendants against whom he is requesting a criminal investigation.  *Id.*

Plaintiff fails to show in his claim that the federal criminal statutes he identifies provide for  a private cause of action.  *See Clements v. Chapman*, 189 F. App'x 688, 692 (10th Cir. 2006) (holding that the plaintiff's cause of action asserting violations of federal criminal statutes was properly dismissed because there is no private right of action to enforce the statutes).  Moreover, private citizens cannot compel enforcement of criminal law.  *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986).  Private citizens cannot compel the government to enforce criminal statutes against others because they "'lack[ ] a judicially cognizable interest in the prosecution or nonprosecution of another.'"  *Id.* (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  The Court therefore finds that claim nineteen fails to state a claim and recommends that it be dismissed.

-33-

III.    **CONCLUSION**

Having determined that Plaintiff's claims are subject to dismissal,

IT IS RESPECTFULLY **RECOMMENDED** that the Denver Defendants' Motion [#19], the Denver DA Defendants' Motion [#36], the Mansfield and Babcock Motion [#43], the Flores Motion [#47] and the Joyce Motion [#51] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that claims one through three, five through fifteen, seventeen and eighteen be **DISMISSED WITHOUT PREJUDICE**.   *See Fotler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) (holding that dismissals pursuant to *Heck* should be without prejudice)

IT IS FURTHER **RECOMMENDED** that the remaining claims, four, sixteen and nineteen, be **DISMISSED WITH PREJUDICE**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  February 28, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge