IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-00828-RBJ-KLM

DOUGLAS A. GLASER,

      Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,
MITCH MORRISSEY (as District Attorney and individually),
JOE MORALES, (as Deputy DA and individually),
KENNETH LAFF, (as Deputy DA and individually),
DAVID KARPE, (as Deputy DA and individually),
PHILLIP GEIGLE, (as Deputy DA and individually),
RHEA BABCOCK, (as Colorado Division of Securities Investigator and individually),
JOE JOYCE, (as Social Security Administration Agent and individually),
MATT MCQUEEN, (as Secret Service Agent and individually),
RICK FLORES, (as Secret Service Agent and individually),
ALFREDO YBARRA, (as Denver Police Officer and individually),
ROBERT ROCK, (as Denver Police Officer and individually),
MARK DALVIT, (as Denver Police Officer and individually),
ROBERT FREUND, (as Denver Police Officer and individually),
KELLY OHU, (as Denver Police Officer and individually),
SHARON HUGHES, (as Denver Police Officer and individually),
BRIAN CRAME, (as Denver Police Officer and individually),
MIKE SCHWARZ, (as Denver Police Officer and individually),
MARK BEVERIDGE, (as Denver Police Officer and individually),
JOSHUA VALERIO, (as Denver Police Officer and individually),
TROY EDWARDS, (as Denver Police Officer and individually),
CARRIE MAESTAS, (as Denver Police Officer and individually),
RUBEN ROJAS, (as Denver Police Officer and individually),
DAVID IVERSON, (as Denver Police Officer and individually),
ERIK REIDMULLE, (as Denver Police Officer and individually),
MATTHEW GRIMSLEY, (as Denver Police Officer and individually),
MARK SCHONK, (as Denver Police Officer and individually),
MATTHEW CHURCH, (as Denver Police Officer and individually),
DAVID SMITH, (as Denver Police Officer and individually),

KEVIN FRAZER, (as Denver Police Officer and individually),
BRIAN GORDON, (as Denver Police Officer and individually),
RAY WILLIS MANNON, d/b/a JOSTEE BAIL BONDS, LLC, (as agent of Accredited
Insurance and individually),
DOUGLAS PRITCHARD, (as Agent, Department of Homeland Security, and individually),
ANNE MANSFIELD, (as Denver District Court Judge and individually), and
ANDY SHOPNECK, (as Deputy DA and individually),

Defendants.

---

## ORDER

---

This case is before the Court on (1) a motion to dismiss filed by a group of 22 defendants who have labeled themselves the "Denver Defendants" [docket #19]; (2) a motion to dismiss filed by a group of six defendants who have labeled themselves the "Denver DA defendants" [#36]; (3) a motion to dismiss filed by defendants Babcock and Mansfield [#43]; (4) a motion to dismiss filed by defendant Flores [#47]; (5) a motion to dismiss filed by defendant Joyce [#51]; (6) the Report and Recommendation of United States Magistrate Judge Kristen L. Mix that motions ##19, 36, 43, 47, and 51 be granted (claims 1-3, 5-15, 17-18 without prejudice; claims 4, 16 and 19 with prejudice); (7) the objections of defendants Joyce, Flores, the Denver DA Defendants, Mansfield, Babcock and the Denver Defendants to the magistrate judges' recommendation (even though they agree with the recommendation as far as it goes) [##76, 77, 78, 79]; and (8) the objection of the plaintiff to the magistrate judge's recommendation [#80].

### Facts

Douglas A. Glaser, representing himself *pro se*, filed a 97-page, single-spaced Complaint on March 30, 2012 [#1].[1]  He names 35 defendants and has served 32 of them.[2]  The defendants can be grouped as follows:

---

[1] The Complaint does not comply with the Local Rule which requires that all papers be double spaced. D.C.COLO.LCivR 10.1(E).  It also does not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure which

- City and County of Denver and 21 Denver police officers (from Ybarra through Gordon in the caption) are the "Denver Defendants."

- The Denver District Attorney Mitch Morrisey and five Deputy District Attorneys (Morales, Laff, Karpe, Geigle and Shopneck) are the "Denver DA Defendants."

- An investigator with the Colorado Division of Securities (Babcock)

- An agent with the Social Security Administration (Joyce);

- Two Secret Service agents (McQueen and Flores);

- A bail bondsman (Mannon);

- An agent of the Department of Homeland Security (Pritchard); and

- A Denver District Court Judge (Mansfield).

The Complaint details many wrongs alleged to have been perpetrated on Mr. Glaser. These appear to fall into two categories—problems caused by the United States Securities and Exchange Commission and problems related to a criminal prosecution in Denver.

Mr. Glaser alleges that the SEC undertook an investigation of him in 2003 in connection with some securities transactions. According to the Complaint, during the course of the investigation the SEC provided false information about him to a variety of sources, which ultimately caused him to sustain significant financial losses. In February 2005 an undercover investigator with the SEC (defendant Babcock) tried to lure him into setting up a $20,000 brokerage account with Mr. Glaser's merger and acquisitions firm.

Also in February 2005 Mr. Glaser was victim of a hit and run accident. The police promised to tow his car to a dealer for repairs but instead placed it in impound, causing him to

---

requires that a pleading that states a claim for relief must contain a "short and plain" statement of the claim. In light of the amount of briefing that has been filed notwithstanding these failures, I will ignore than and proceed to the merits. A non-complying complaint will be stricken in any future litigation.
[2] So far as the Court can determine, three named defendants—Matt McQueen, Ray Willis Mannon, and Douglas Pritchard—have never been served with the summons and complaint.

incur a $3,600 fee.  When the car was finally towed to the dealer, the "defendants" tried to set up an insurance sting, but the dealer refused to cooperate.[3]  Denver police officers obtained search warrants for Mr. Glaser's home and office, based upon false representations to state court judges in Denver, ostensibly looking for a fictitious passport.  The police confiscated cash, collectibles, financial records, identification and credit cards.  The defendants refused to return items seized pursuant to the search warrants.

Meanwhile, he alleges, the defendants were providing false information about Mr. Glaser to restaurants that he frequented, to his former wife, to his girlfriend, to stock brokers across the county (which caused shares of stock he held to deteriorate in value), to the Better Business Bureau, and to the landlord of his office building.  He was being followed everywhere; his email was being monitored; his trash was being taken; and his business associates were being contacted continually.

Still in 2005 an effort to obtain a federal indictment against him failed.  However, in August 2005 a Denver grand jury conducted an investigation of Mr. Glaser that resulted in a 43-count felony indictment.  This in turn led to his arrest.  He was able to post a $750,000 bond and gain his release, but he was soon remanded based upon his failure to surrender the fictitious passport, which he states did not exist.  Mr. Glaser details a number of delays, problems with lawyers, mistrials and other problems that occurred during the prosecution of the criminal case in Denver.

Mr. Glaser's resources were being dissipated by all of these things, and he tried to sell his $1,850,000 home to generate funds.  However, the defendants placed a spurious lien on the property.  As a result, he lost his home and more than $600,000 in equity to foreclosure.

---

[3] The Complaint sometimes refers to "the defendants" without contemporaneously specifying which defendant or defendants participated in the particular act.

He alleges that his defense counsel in the criminal case informed him in November 2005 that the SEC filed a civil action against Mr. Glaser and others in federal court pursuant to the investigation that began in 2003, but that the Attorney General of the United States told him that he would make the charges go away if Mr. Glaser would work with them on his and other cases. I take judicial notice of the files of the court. The only SEC civil action against Mr. Glaser and others that I could locate in the records of this court is No. 05CV622, *SEC v. Sealife Corporation, et al.*, that was actually filed on April 5, 2005. Assuming that this is the civil action to which Mr. Glaser is referring in his Complaint in the present case, it did not go away. Rather, it resulted in a final judgment against Mr. Glaser on March 22, 2011. Judge Matsch's order enjoined him from violating the securities laws and from participating in penny stock offerings. It also ordered that he disgorge $165,981.16 and that he pay a civil penalty of $150,000. Mr. Glaser implies that this happened because he had no money or ability to defend himself. Complaint at 17.

Mr. Glaser alleges that he continued to be harassed by federal agents, causing him to move to another state and to file a federal civil rights lawsuit.[4] Also, the Denver District Attorney's Office was providing false information about him to potential business associates, domestically and internationally. In April 2011 he was arrested in Atlanta upon his return from an international trip. In January 2012 the criminal case in Denver finally went to trial, limited to counts one through 19 of the indictment. He alleges that the defendants knowingly committed

---

[4] The files of this court contain a number of cases that Mr. Glaser has filed in addition to the 2012 habeas case and the present case: case numbers 07CV843 (a habeas petition, dismissed by Judge Babcock on March 3, 2008); 07CV2707 (a case somewhat similar to the present case, dismissed by Judge Weinshienk on February 7, 2008); 07CV2708 (another somewhat similar case, dismissed by Judge Weinshienk on February 7, 2008); 08CV2269 (another case similar to the present case, dismissed by Judge Babcock on May 20, 2010); 09CV1758 (a suit against the realtor who listed his home and others, dismissed by Judge Blackburn on July 9, 2010 as a sanction for discovery violations); 11CV1335 (a habeas petition, dismissed by Judge Babcock on June 9, 2011); and 11CV1614 ( a habeas petition, dismissed by this Court on November 1, 2011). I will discuss some of these prior actions in more detail *infra*.

perjury; that his lawyer did little to defend him; and that he was unjustly convicted of eight of the 19 counts, including securities fraud and a violation of the Colorado Organized Crime Control Act. Two more phases of the trial were scheduled for May 2012 when the present complaint was filed.

In a motion filed in this case on August 30, 2012 [#52] Mr. Glaser indicated that he was sentenced in his state court criminal case on August 27, 2012 to 61 years in prison. In a federal court habeas corpus petition filed on the following day, August 31, 2012, No. 12CV2340, Mr. Glaser indicated that he had received a sentence of 62 ½ years in the criminal case in Denver. The habeas action was dismissed by Judge Babcock on October 15, 2012. As of December 26, 2012, when Mr. Glaser filed his response to defendant Flores' motion to dismiss [#68], his criminal conviction was on direct appeal to the Colorado Court of Appeals. *Id.* at 2.

The present case was filed on March 30, 2012. Based upon the foregoing series of acts and incidents, which this Court has only briefly summarized, Mr. Glaser asserts 19 claims for relief. The majority of his claims, asserted pursuant to 42 U.S.C. § 1983, seek damages for violation of constitutional rights (he requests an award of $210,000,000 in compensatory damages). He also asserts one state law claim (number 16, intentional infliction of emotional distress), one claim for injunctive relief (number 18), and one demand for a formal investigation into defendants' activities (stated as his 19th claim). In addition to the injunctive and compensatory relief, Mr. Glaser asks the Court to order defendants to extend a formal public apology to him and to withdraw his plea and conviction in a Douglas County criminal case.

### Prior Cases

I mentioned above, *supra* n.3, that Mr. Glaser has filed claims similar to those asserted in the present case before. Because this history is relevant to some parts of the pending motion, I

will attempt to summarize it as briefly as possible, in the process taking judicial notice of the files of this court.

No. 07CV2707.  In *Glaser v. City and County of Denver, et al.*, filed on December 28, 2007, Mr. Glaser named the Denver District Attorney, Mitch Morrisey; Deputy District Attorneys Joe Morales, Kenneth Laff, and David Karpel; SEC Agent Rhea Babcock; SSA Agent Joe Joyce; Secret Service Agent Matt McQueen; Denver Police Officers Robert Rock, Mark Dalvit and Robert Freund; and the City and County of Denver, each of whom is a defendant in the present case, as defendants.  His complaint focused on the events that occurred in 2005 after his hit and run accident: the police "raid" of his residence and office; the Denver District Attorney's allegedly putting out false information about him; the Denver Grand Jury indictment; his arrest, his initial posting of a bond, and re-arrest; his challenges to the search warrants, including that they were obtained by untruthful testimony; fabrication by government agents of a story about a fictitious passport; and huge financial losses caused by the defendants that left him without assets.

He asserted four claims for relief: (1) violation of his constitutional rights in respect to search and seizure, excessive bail, due process, and self-incrimination; (2) conspiracy to violate those rights; (3) malicious prosecution, abuse of process, false arrest, and false imprisonment; and (4) intentional infliction of emotional distress.  The same basic facts and claims are found again in the present case, albeit updated by events that occurred after case No. 07CV2707 was filed.  That case was dismissed without prejudice on February 7, 2008 because of Mr. Glaser's failure either to pay the initial partial filing fee or to show cause why he has no means by which to pay that fee.

No 07CV2708. This case, also named *Douglas A. Glaser v. City and County of Denver, et al.*, was also filed on December 28, 2002. He named Agents Babcock, Joyce and McQueen, and Police Officer Rock, all of whom were named in No. 07CV2707 and in the present case; police officer Alfredo Ybarra, bail agent Ray Willis Mannon, not named in 07CV2707 but named in the present case; Denver District Court Judge Michael Martinez; and the City and County of Denver, named in all of his cases. The complaint recited some of the same facts but focused primarily on the spurious lien placed on his home. It asserted three claims: (1) due process violations; (2) conspiracy; and (3) bond violations. The case was dismissed without prejudice on February 7, 2008 because of Mr. Glaser's failure either to pay the initial partial filing fee or to show cause why he has no means by which to pay that fee.

No. 08CV2269. In this case, *Douglas A. Glaser v. City and County of Denver, et al.*, filed on October 30, 2008, Mr. Glaser named 33 defendants. For the most part the list of defendants is the same as the list of defendants in the present case and it also overlaps the 2007 cases to a lesser extent.[5]

The facts alleged in the 2008 case are also similar to those alleged in the present case, subject of course to what has occurred in the four years since the 2008 complaint was filed. Mr. Glaser asserted 10 claims for relief: (1) constitutional violations related to search and seizure; (2) constitutional violations related to fabrication of evidence, his arrest, his bond, his re-arrest, self-incrimination, and the story about the fictitious passport; (4) due process violations, including the placement of a spurious lien on his home; (5) malicious prosecution, vindictive prosecution, abuse of process, false arrest and false imprisonment; (6) conspiracy; (7) defamation; (8)

---

[5] In the present case Mr. Glaser has added two Deputy District Attorneys (Phillip Geigle and Andy Shopneck); one Secret Service Agent (Rick Flores); one Homeland Security Agent (Douglas Pritchard). In the present case Mr. Glaser omits Judge Martinez but inserts Denver District Court Judge Anne Mansfield. He also omits an unknown Denver District Court Clerk and an unknown bail agent who were named in the 2008 case.

intentional infliction of emotional distress; (9) double jeopardy, arising from a plea and a related plea agreement in Douglas County in 2002; and (10) conspiracy and subornation of perjury.

Motions to dismiss and for summary judgment were filed, briefed and referred to a magistrate judge, who issued various recommendations.  Objections were filed to the recommendations, and responses were filed to the objections.  The court issued the following orders on the various motions:

- The action was dismissed without prejudice as against defendant Mannon [#149].

- The court accepted the magistrate judge's recommendation to dismiss claims against defendants Morrisey, Morales, Laff and Karpel under the doctrine of absolute immunity to the extent the claims related to their actions taken in initiating and prosecuting claims against Mr. Glaser.  It did not sustain absolute immunity with respect to plaintiff's defamation claim arising from acts allegedly occurring outside the course of the prosecutorial function.  However, it did accept the recommendation to dismiss state law claims as barred by the Colorado Governmental Immunity Act. The court's order [#150] does not specify that the dismissal be with or without prejudice, but as least as to absolute immunity, it necessarily must have been with prejudice.

- The court denied motions by Mr. Glaser for summary judgment.  [##152, 153].

- The court dismissed all state law claims against defendant Babcock with prejudice; dismissed Claim 10 (conspiracy, subornation of perjury) against all defendants with prejudice; dismissed plaintiff's constitutional claims for equitable relief without prejudice; and stayed his constitutional claims for monetary damages until the state proceeding is final.  [#154].

Mr. Glaser's attempted appeal was dismissed by the Court of Appeals, because there was no final appealable judgment. [#157]. There followed more motions, magistrate judge recommendations, objections and responses. The court then dismissed all state law claims against the "Denver Defendants" with prejudice; partially granted a motion to dismiss or abstain as to plaintiff's constitutional claims for equitable relief; dismissed all state law tort claims against defendants Joyce and McQueen with prejudice; dismissed plaintiff's constitutional claims against Joyce and McQueen in their individual capacities for equitable relief without prejudice; and stayed plaintiff's constitutional claims against Joyce and McQueen in their individual capacities for monetary damages. [#182].

Ultimately, what remained of the 2008 case ended in a fizzle. On May 20, 2010 the court accepted the recommendation of the magistrate judge to dismiss the remaining claims because of Mr. Glaser's failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 10.1. [#190].

### Standard of Review

Parties may object within 14 day after being served with a copy of the magistrate judge's recommended disposition of a dispositive motion. Fed. R. Civ. P. 72(b)(3). Review is de novo as to any part of the recommendation to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3). All objections filed here were timely.

The Court has taken into consideration Mr. Glaser's *pro se* status. *See Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Conclusions**

The Court has reviewed the parties' motions and briefs, the magistrate judge's recommendation, and the several objections. I also note that the defendants collectively have now filed five responses to Mr. Glaser's objection.

**A.  Heck.**

Judge Mix first determined that 14 of plaintiff's claims are barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case the Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

I agree with Judge Mix that several of plaintiffs' claims challenge actions that would render his conviction in the state court case invalid if they were found by this Court to have been unlawful. I conclude that these at least include claims 1, 3, 5, 6, 7, 8, 9, 10, 11, 12, and 14. I see no reason to repeat Judge Mix's analysis as to these claims, because I conclude that it was thoughtful and correct. Judge Mix also included claims 2, 13 and 15 in this group. An argument could be made for that, but I will limit the application of *Heck* to the claims I have listed.

Consistent with the Tenth Circuit's decision in *Fottler v. United States*, 73 F.3d 1064, 1065, she recommended that dismissal of claims based on the *Heck* doctrine be "without prejudice," and I adopt that recommendation. As to some of these claims, however, there are additional grounds for dismissal either with or without prejudice as discussed below.

B.  **<u>Statute of Limitations.</u>**[6]

Section 1983 does not have its own period of limitation.  Therefore, the Court applies the most analogous state statute.  That would be either Colorado's two-year statute for liability created by a federal statute, C.R.S. § 13-80-102 (1)(g) or its two-year statute for tort actions, C.R.S. § 13-80-102(1)(a).  The accrual date is the date when Mr. Glaser knew or should have known that his constitutional rights were being violated.  *Onyx Properties LLC v. Board of County Commissioners*, 868 F. Supp. 2d 1171, 1174 (D. Colo. 2012).

The running of the statute of limitations is not tolled during the pendency of Mr. Glaser's previous suits.  For statute of limitations purposes, in the absence of a statute to the contrary, a case that is dismissed without prejudice is treated as if it never existed.  *Brown v. Hartshorne Public School Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991).  *See also Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004) (in a § 1983 case, stating "state law governs the application of tolling in a civil rights action."); *Onyx Properties*, 868 F. Supp. 2d at 1177 ("[a]bsent a specific statutory provision, Colorado law does not allow for the tolling of a statute of limitations during the pendency of a prior action.").

If a claim is untimely under the statute of limitations it would be dismissed with prejudice.  Magistrate Judge Mix applied the statute of limitations to some of plaintiff's claims but did not consider its possible application to the claims that she found to be subject to a *Heck* dismissal.  Defendants request that the Court consider the possible application of the statute of limitations to each claim.  Having now done so, the Court concludes that at least the following claims are barred by the statute.

---

[6] Ordinarily the statute of limitations, which is an affirmative defense, would not be an issue for a motion to dismiss. However, if it is clear on the face of the complaint that a claim is barred, then the statute of limitations may appropriately be applied at that stage. *See, e.g.*, *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

1. <u>Claim One</u>.

This claim, concerning search warrants issued and searches executed in 2005 (and addressed in Mr. Glaser's 2007 and 2008 cases) is plainly barred by the statute of limitations and is dismissed with prejudice as to all defendants named for this claim except Mr. McQueen, who has not been served.  The defendants to which this dismissal applies are Babcock, Joyce and all Denver Defendants.

2. <u>Claim Two</u>.

Claim two concerns what Mr. Glaser contends was his arrests procured by fabricated evidence February 20, 2005; September 1, 2005; and September 10, 2007.  The same claims were made in his prior lawsuits.  It is barred by the statute of limitations and dismissed with prejudice as to the four named Denver DA Defendants, Babcock, Joyce, and the five named Denver Defendants.  The dismissal does not apply to Mr. McQueen, who has not been served.  .

3. <u>Claim Three</u>.

This claim asserts that, contrary to an agreement Mr. Glaser reached with prosecutors in a 2002 case in Douglas County, the defendants named placed him in double jeopardy 2005 when they used evidence obtained in the 2002 case indictment against him in Denver in 2005.  It was raised in the 2008 case.  It is barred by the statute of limitations, except as to Mr. McQueen who has not been served.  Therefore it is dismissed with prejudice as to the four named Denver DA Defendants, three Denver Defendants, Babcock and Joyce.

4. <u>Claim Four</u>.

Magistrate Judge Mix concluded that claim four is barred by the statute of limitations.  In that claim Mr. Glaser alleges that several of the defendants placed or assisted in the placement of a spurious lien on his home on October 14, 2005.  It is not clear precisely when Mr. Glaser

discovered the lien, but it was at least by April 18, 2006 when he alleges that the state court allowed his private defense lawyer to withdraw because, due to the sale of his home being blocked by the lien, he could no longer pay for counsel. Complaint at 14. This issue was raised in one of the 2007 cases and in the 2008 case. It is barred by the statute of limitations and dismissed with prejudice against the four named Denver DA Defendants, four Denver Defendants, Babcock and Joyce. Defendants McQueen, and Mannon have not been served.

5. <u>Claim 5</u>.

This claim alleges malicious prosecution against four of the Denver DA Defendants, five of the Denver Defendants, Babcock and Joyce. Defendants McQueen and Mannon have not been served. The facts alleged related to the search warrant, the grand jury indictment and other incidents that occurred in 2005. The claim was asserted in one of the 2007 cases and the 2008 case. It is barred by the statute of limitations and dismissed with prejudice as to all named and served defendants.

6. <u>Claim 10</u>.

This claim is asserted against the City, five D.A. defendants, and Ms. Babcock. The essence of this claim is that the Denver criminal trial began and jeopardy attached when a jury was sworn on August 20, 2007. However, after the prosecution rested on August 24, 2007, the defense asked to continue the trial to the following Monday, which the court denied. Then, still apparently before the defense began its presentation, defense counsel had a mental breakdown. The court denied Mr. Glaser's request to finish the trial *pro se* and declared a mistrial. Mr. Glaser objects to the declaration of a mistrial and objects to any prosecution of the case after that date. This claim is barred by the statute of limitations.

7. <u>Claim 12</u>.

This claim, filed against the City, three Denver DA defendants and defendant Pritchard, who has not been served, alleges that Mr. Glaser was maliciously arrested on a DUI charge on April 19, 2008. He alleges that he did not obtain property that was taken from him when he was arrested for three days. The arrest caused him damages including an inability to get a driver's license. He alleges that the arrest, which was not based on probable cause, was an attempt to intimidate him into not filing future complaints or lawsuits. This claim is barred by the statute of limitations.

8. <u>Claim 13</u>.

In claim 13 Mr. Glaser alleges that the City and three Denver DA defendants (and Pritchard, who has not been served) retaliated against him for filing a civil rights lawsuit. The civil rights lawsuit to which he apparently refers is one of the two federal suits he filed in 2007, because the harassment of which he complains in this claim is, again the DUI arrest in April 2008. I conclude that claim 13 is barred by the statute of limitations.

9. <u>Claim 17</u>.

Magistrate Judge Mix recommended that claim 17 be dismissed on statute of limitations grounds because it is tied to claim four. I am not sure that the link to claim four is necessarily present. However, Mr. Glaser alleges in claim 17, which attacks certain acts of "supervisors," that "the supervisors were all made aware of the constitutional violations long before the case (meaning the Denver criminal case) was dismissed the first time on February 9, 2007, and before its dismissal later, February 27, 2008." Plaintiff alleges, and I agree, that he filed two previous federal lawsuits detailing these constitutional wrongs. Although he does not identify those

lawsuits by case number, they must be his lawsuits filed in 2007 and 2008.  *See supra* n.3.  The claim is barred by the statute of limitations.

### C.  **Immunity**.

Each moving defendant raises some form of immunity as a defense.  To the extent immunity applies, a claim would be dismissed with prejudice.

1.  Prosecutorial Immunity.

Prosecutors are entitled to absolute immunity from civil damages suits, including § 1983 suits, for the acts of preparing to initiate, initiating and presenting a criminal case.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  This includes allegations that a prosecutor knowingly used false or perjured testimony before a grand jury or at trial or conspired with others to present perjured testimony.  *Burns v. Reed*, 500 U.S. 478, 485 (1991); *Imbler*, 424 U.S. at 421-24; *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).

This is an independent basis for the dismissal with prejudice of plaintiff's claims 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16 and 17 against the Denver DA Defendants and, to the extent plaintiff is attempting to impute the acts of the Denver DA Defendants to the City and County of Denver, to that defendant as well.  Mr. Glaser knows, but apparently ignored, the fact that Judge Babcock dismissed his same or similar claims against the District Attorney defendants who were named in the 2008 lawsuit.

2.  Judicial Immunity.

In the 2008 lawsuit Mr. Glaser's claims against Judge Martinez were dismissed under the doctrine of absolute judicial immunity.  Notwithstanding what should have been a lesson learned, he named Judge Mansfield in the present case.  Plaintiff has not in any way suggested

that Judge Mansfield has departed from her judicial role and engaged in the making of

defamatory statements or the other acts that plaintiff finds so offensive.  She is absolutely

immune, and in no circumstances should she have been subjected to this lawsuit.  *See Stump v.*

*Sparkman*, 435 U.S. 349, 356-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Guttman*

*v. Khalsa*, 446 F.3d 1027, 1033-34 (10th Cir. 2006).

This is an independent basis to dismiss claim 14 which appears to seek damages against

Judge Mansfield with prejudice.  It is also an independent to dismiss claim 18, seeking injunctive

relief, with prejudice.  *See Lawrence v. Kuenhold*,  271 F. App'x 763, 766 (10th Cir. 2008).

3.   Colorado Governmental Immunity Act; Federal Tort Claims Act Immunity.

Claim 16 is a state law tort claim for intentional infliction of emotional distress.

Defendant names the City and County of Denver; four of the Denver DA Defendants; four of the

Denver Defendants; Ms. Babcock (Colorado Division of Securities); Mr. Joyce (Social Security

Administration); and Mr. McQueen (Secret Service).  Judge Mix concluded that the claim is

barred by the Colorado Governmental Immunity Act and, as to defendant Joyce, by the Federal

Tort Claims Act.  I agree.[7]  This is an independent basis to dismiss claim 16 with prejudice

against all defendants named except Mr. McQueen, who has not been served.  Magistrate Judge

Mix also recommended that this claim be dismissed with prejudice, and Mr. Glaser did not

object.

4.   Official Capacity Immunity

All claims against all individual defendants are dismissed with prejudice to the extent

they are asserted against the defendant in his or her "official capacity."  Official capacity means

nothing more than that the claims are asserted against the United States or the State of Colorado,

---

[7] In any event, because all federal claims asserted by Mr. Glaser are being dismissed, there would be no basis for the exercise of supplemental jurisdiction over this state law claim.  *See* 28 U.S.C. § 1367.  Plaintiff does not assert, and presumably could not assert, diversity jurisdiction.

as the case may be, and there has been no showing of a waiver of sovereign immunity by either the United States or the State.

     5.  <u>Qualified Immunity</u>.

     The Denver DA Defendants raised qualified immunity as an alternative basis to absolute immunity.  The Court has found that they are entitled to absolute immunity as to all claims against them except claim 15.  Neither party briefed qualified immunity in the specific context of allegedly defamatory statements made by the Denver District Attorney or other individuals in his office.  If plaintiff were to reassert a defamation claim in a future litigation in a form on which relief could be granted, and if it were timely under the statute of limitations, then a court could better analyze possible application of qualified immunity based upon specific briefing of that issue in the context of the defamation claim.

     Defendant Flores raised qualified immunity as an alternative basis to dismiss claim 6, which is the only claim asserted against him.  Because the claim was asserted under § 1983 and did not state a claim against Mr. Flores in the first place (see below), the Court has no basis to explore whether a properly stated claim would be subject to a qualified immunity defense.  I also note that the Complaint is vague, at best, as to what Mr. Flores did, when he did it, and how it violated Mr. Glaser's constitutional rights.  Suffice it to say that if Mr. Lynch in any future litigation attempts to state a claim against Mr. Flores, and can assert specific facts that put his actions within the period allowed by the statute of limitations, he should be aware that he will have to demonstrate not only that the defendant's actions violated a constitutional right but also that it was clearly established at the time of the conduct at issue that it would violate a constitutional right.  *Lynch v. Barrett*, 703 F.3d 1153, 1158 (10th Cir. 2013).

D. **Failure to State a Claim**

To state a claim on which relief could be granted a plaintiff must set for sufficient facts to show that he has a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The allegations must do more than a suspicion or speculation as to whether he has a legally cognizable claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1. Claims against federal officials.

Defendant Joyce is a subject of claims 1-8, 15 and 16. Defendant Flores is a subject only of claim 6. The Court has determined that claims 1-5 and 16 must be dismissed with prejudice as barred by the statute of limitations. Claims 6-8 were dismissed without prejudice pursuant to the *Heck* doctrine. For the sake of completeness I note that these claims, which are asserted pursuant to 42 U.S.C. § 1983, fail to state a claim upon which relief could be granted against defendants Joyce and Flores because "[s]ection 1983 is directed to action taken under color of state law." *Myles v. United States*, 52 F. App'x 108, 110 n.3 (10th Cir. 2002).

2. Claim 15.

This is a defamation claim. Mr. Glaser asserted a similar claim in his 2008 action. It is, at least in part, barred by the statute of limitations. However, the claim as state here is vague as to the time, place and nature of the incidents of defamation, such that I cannot exclude the possibility that some of the acts of which he complains might have taken place, if at all, or might have been discovered within the two year period before March 30, 2012. If a defamatory act deprives an individual of a protected property or liberty right, it might be actionable under § 1983. *See Paul v Davis*, 424 U.S. 693 (1976).

However, as stated, the claim is built on conclusory allegations that cannot support a claim under the *Bell/Iqbal* test. After noting that he filed the 2008 suit, plaintiff states:

As Plaintiff attempted to rebuild his business the Denver district attorney's office published fictitious information online about Plaintiff, contacted business associates and told them Plaintiff had "screwed a lot of people out of money" and not to do business with him.  Defendants even went as far as to speak to potential business associates over the phone telling them that Plaintiff was going to prison for years and years and that he has a lengthy history of defrauding people.  There is no factual basis to support any of this.  One company in Florida rescinded a merger based upon what the Denver district attorney told them on the telephone, another investor pulled his entire financing based on his phone conversation with the Denver district attorney.  The Denver district attorney never told the truth about the case or the fact that it was dismissed for violation of Plaintiff's constitutional rights.  They only continued to say that Plaintiff had gotten lucky and defrauded the Denver court.  When asked about the pending lawsuit against the government agents they continued to state that it was being dismissed.  The Denver district attorney even contacted potential investors from England, Italy, and Bahrain to dissuade doing any business with plaintiff.

Complaint [#1] at 17.

To some extent this provides particulars.  However, it does not indicate when the alleged statements were made or to whom they were made.  Given the facts that Mr. Glaser brought a defamation claim against essentially the same defendants in 2008 and that many of the claims he has asserted in the present case are barred by the statute of limitations, those particulars are important to a determination of whether the present defamation claim is completely barred or, on the other hand, there might be some part of the claim that is not untimely.  As pled, this claim fails to state a claim on which relief could be granted and, therefore, it is dismissed without prejudice.  I noted above that claim 15 fails to state a claim against the federal defendants for the additional reason that § 1983 is based upon state action.

**E.  Miscellaneous.**

1.  Claim 18.

Claim 18 seeks injunctive relief.  To the extent that the Court can identify what specific act Mr. Glaser wishes to enjoin, it is to enjoin the Denver District Court from proceeding to trial on a DUI charge on April 16, 2012 and from proceeding to trial on the remaining counts in his

Denver criminal case on May 22, 2012.  This claim is moot.  Even if it were not, the Court has dismissed it as against Judge Mansfield by reason of absolute judicial immunity.  The Court would also abstain from interfering with an ongoing state criminal proceeding, apparently now pending in the Colorado Court of Appeals.  The state case provides Mr. Glaser with an adequate forum to hear his federal constitutional claims.  Given the nature of the charges in the state case, they would involve important state interests.  *See Younger v. Harris*, 401 U.S. 37, 55 (1971); *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006).

2.  Claim 19.

Claim nineteen is a demand for a "formal investigation into the criminal acts committed against him."  Complaint [#1] at 95.  Courts do not conduct formal investigations.  Plaintiff provides no authority on which the Court would compel someone else to do so.  Magistrate Judge Mix recommended that this claim be dismissed with prejudice.  Plaintiff did not object.  I agree with Judge Mix.

**Order**

1.  Motion #19 is GRANTED to the extent that all claims against the Denver Defendants are dismissed.  Claims 1-5, 10, 12-13, 16, and 17 are dismissed with prejudice. Claims 6-9, 11, 14 and 15 are dismissed without prejudice, except that to the extent those claims were asserted against individuals in their official capacities, they are dismissed with prejudice.

2.  Motion #36 is GRANTED to the extent that all claims against the Denver DA Defendants are dismissed.  With the exception of claim 15, all claims against the Denver DA Defendants in both their individual and official capacities are dismissed

with prejudice.  Claim 15 is dismissed with prejudice as to these defendants' official capacities but without prejudice in their individual capacities.

3.  Motion #43 is GRANTED to the extent that all claims against defendants Anne Mansfield and Rhea Babcock are dismissed.  All claims against Judge Mansfield are dismissed with prejudice.  Claims 1-5, 10, 16 and 18 asserted against Ms. Babcock are dismissed with prejudice.  Claims 6-9 and 11 asserted against Ms. Babcock are dismissed with prejudice in her official capacity and without prejudice in her individual capacity.

4.  Motion #47 is GRANTED to the extent that the claim against Rick Flores (included in claim 6) is dismissed.  It is dismissed with prejudice in his official capacity and without prejudice in his individual capacity.

5.  Motion #51 is GRANTED to the extent that all claims against Joe Joyce are dismissed.  Claims 1-5 and 16 against defendant Joe Joyce are dismissed with prejudice in both his individual and official capacities.  Claims 6-8 and 15 are dismissed with prejudice in his official capacity but without prejudice in his individual capacity.

6.  Claim 19 is dismissed with prejudice as against all served defendants in all capacities.

7.  To any extent not otherwise specified, all claims asserted against individual defendants in their "official capacity" are dismissed with prejudice.

8.  The claims against defendants Matt McQueen, Ray Willis Mannon and Douglas Pritchard, who were never served with the summons and complaint, are dismissed without prejudice for failure to prosecute.

9.  Recommendation #74 is ACCEPTED in part, subject to the comments in this order.

10. Objections ##76, 77, 78, and 79 are GRANTED IN PART and DENIED IN PART.

11. Objection #80 is DENIED.

12. In summary, the Court directs that final judgment be entered dismissing this case and all claims therein, either with or without prejudice as specified in this Order.

13. As the prevailing parties defendants are awarded their reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  The Court finds that because many of the claims asserted have been asserted in previous lawsuits filed by Mr. Glaser, and to some extend dismissed with prejudice by other judges in this court, the filing and maintenance of this case have in large part been substantially groundless, frivolous and vexatious.  In recognition of Mr. Glaser's *pro se* and incarcerated status, the Court declines to award attorney's fees.  If he files the same claims against the same defendants in a new lawsuit in the future, he should not expect that result again.

DATED this 5th day of April, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge